UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ACE MORTGAGE FUNDING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:06-cv-146-SEB-JMS |
| | ) | |
| BRIAN BRADFORD, | ) | |
| ACEMORTGAGE.COM INC., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry on Bill of Costs**

Plaintiff Ace Mortgage Funding, LLC. has filed a bill of costs (dkt 61). Defendant Brian Bradford objects to the plaintiff's request.

The *Federal Rules of Civil Procedure* state that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed.R.Civ.P. 54(d). This rule presumes an award of costs; however, the court has "substantial discretion in awarding costs." *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 762 (8th Cir. 2006). In the present setting, Mr. Bradford bears the burden of showing that costs should not be imposed. *See Whitfield v. Scully,* 241 F.3d 264 (2d Cir. 2001).

Pursuant to 28 U.S.C. § 1920, taxable costs, such as filing fees and monies expended for printing, copying, etc. are shifted to the losing party. Nontaxable costs also are shifted to the losing party in a case such as this where a statute provides for the shifting of attorneys' fees, as long as these costs are "[i]dentifiable, out-of-pocket expenses," as opposed to "non-recoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate." *Kuzma v. I.R.S.,* 821 F.2d 930, 933-34 (2d Cir. 1987). Costs authorized under § 1920 include fees of the clerk and marshal, fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for exemplification and copies of papers necessarily obtained for use in the case, and compensation of court appointed experts and interpreters. 28 U.S.C. § 1920 . Costs not specifically enumerated by § 1920 are not compensable. *See EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987)).

     The court has carefully reviewed plaintiff's records and has determined that the expenditures for the fees of the clerk ($250.00), fees for service of summons and subpoenas ($17.53), and fees of the court reporter and transcript related to a deposition used in this case ($1,323.80) are each authorized by § 1920 and are each reasonable. Therefore, the court **approves** the Bill of Costs as submitted (total $1,591.33), overrules Bradford's objection to them, and directs the clerk to **tax the costs** in that amount on the Bill of Costs submitted by the plaintiff.  As to Bradford's objections, the court has not found any of the plaintiff's theories to have been frivolous and he has not shown (beyond offering his opinion) that the deposition expense was unnecessary in resolving the claim on which the plaintiff ultimately prevailed. In fact, it is the court's view that the costs for which the plaintiff seeks reimbursement are closely or precisely linked to the claim on which the plaintiff prevailed and have been moderated compared with those that might have been incurred, and ultimately shifted to the non-prevailing party as to the claims which the plaintiff elected to not pursue.

     **IT IS SO ORDERED.**

Date: 06/18/2008

_(signature)_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mary Jane Frisby
BARNES & THORNBURG
mfrisby@btlaw.com

Julia Spoor Gard
BARNES & THORNBURG LLP
jgard@btlaw.com

Brian Bradford
11539 Feather Rock Ct.
Fishers, IN 46037

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.